**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

NASRADINE HISSEIENE HAMAT,

    Plaintiff,

v.                                  Case No. 6:14-cv-680-Orl-37KRS

ADMINISTRATION OF SIEMENS
ENERGY, INC.,

    Defendant.

**ORDER**

This cause is before the Court on Defendant's Notice of Improper Service and Motion to Dismiss for Failure to State a Cause of Action and Incorporated Memorandum of Law (Doc. 22), filed November 10, 2014. Upon consideration, the Court finds that the motion is due to be granted.[1]

Proceeding pro se, Plaintiff sues Defendant for "wrongfully [sic] termination, and employment discrimination, by the Project manager, and his staff." (Doc. 1, p. 1.) The one-page Complaint does not provide any further detail as to the factual basis for Plaintiff's claims. (*See id.*) Defendant accordingly argues, among other things, that Plaintiff's sparse factual allegations are insufficient to state a claim for relief under Federal Rule of Civil Procedure 8. (*See* Doc. 22, pp. 4–5 (citing Fed. R. Civ. P. 12(b)(6)).) The Court agrees.

Rule 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint does not need detailed factual

---

[1] Plaintiff has not yet responded to the motion, but, for the reasons discussed below, a response would not change the Court's disposition.

allegations; however, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff's Complaint contains virtually no factual allegations at all, the Court finds that it is due to be dismissed for failure to meet Rule 8(a)(2)'s pleading requirements.

Moreover, Rule 8(a)(1) requires a plaintiff to plead "a short and plain statement of the grounds for the court's jurisdiction." Plaintiff's Complaint does not allege a federal basis for his claims, nor does it specify the citizenship of the parties; without that information, the Court cannot determine whether it has jurisdiction over Plaintiff's employment claims pursuant to either 28 U.S.C. § 1331 or 28 U.S.C. § 1332. The Complaint is therefore additionally due to be dismissed for failure to allege the grounds for the Court's jurisdiction.

Given his pro se status, the Court will grant Plaintiff leave to file an Amended Complaint. However, the Court reminds Plaintiff that pro se litigants are subject to the same law and rules as those litigants who are represented by counsel. (*See* Doc. 16, p. 1 (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).) If Plaintiff chooses to refile, the Amended Complaint must comply with the Local Rules and the Federal Rules of Civil Procedure.[2]

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Notice of Improper Service and Motion to Dismiss for Failure to State a Cause of Action and Incorporated Memorandum of Law (Doc. 22)

---

[2] Additionally, if Plaintiff chooses to refile, the Court encourages him to make use of the resources available to pro se litigants on the Court's website: http://www.flmd.uscourts.gov/pro_se/default.htm.

        is **GRANTED**.

2. Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**. On or before Friday, December 5, 2014, Plaintiff may file an Amended Complaint that complies with the Local Rules, the Federal Rules of Civil Procedure, and the directives of this Order. Failure to file a timely Amended Complaint will result in dismissal of this case without further notice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 13, 2014.

                                              ROY B. DALTON JR.
                                              United States District Judge

Copies:

Counsel of Record