**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

NASRADINE HISSEIENE HAMAT,

        Plaintiff,

v.                                                              Case No. 6:14-cv-680-Orl-37KRS

ADMINISTRATION OF SIEMENS
ENERGY, INC.,

        Defendant.

**ORDER**

This cause is before the Court on Plaintiff's "Letter of Motion" (Doc. 25), filed January 5, 2014.

This *pro se* employment discrimination action came to the Court by way of the U.S. District Court for the Southern District of Florida, which originally dismissed Plaintiff's one-paragraph complaint *sua sponte* for noncompliance with Federal Rule of Civil Procedure 8 (*see* Doc. 6), but then vacated the dismissal and transferred the case to the undersigned in light of Plaintiff's "Emotion Letter" (*see* Docs. 7, 8).

Shortly after the transfer, the Court issued a *Pro Se* Order, the first page of which explained that "*pro se* litigants are subject to the same law and rules of court as litigants who are represented by counsel, including the Federal Rules of Civil Procedure ('Rule(s)') and the Local Rules of the United States District Court for the Middle District of Florida ('Local Rule(s)')." (*See* Doc. 16, p. 1 (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).) Consistent with Local Rule 3.01(f), the first page of the *Pro Se* Order also states: "Plaintiff shall not correspond with the Court or any Judge or Magistrate Judge of the Court in letter form." (*See id.*)

Thereafter, on Defendant's motion (Doc. 22), the Court dismissed Plaintiff's one-page, letter-form Complaint (Doc. 1) for failure to state a claim and for failure to allege a jurisdictional basis for this action. (*See* Doc. 23.) At the close of the Order, the Court concluded:

> Given his *pro se* status, the Court will grant Plaintiff leave to file an Amended Complaint. However, the Court reminds Plaintiff that *pro se* litigants are subject to the same law and rules as those litigants who are represented by counsel. If Plaintiff chooses to refile, the Amended Complaint must comply with the Local Rules and the Federal Rules of Civil Procedure

(*Id.* at 2 (citation omitted).) The Court also provided a link to its online *pro se* portal. (*See id.* at 2 n.2.) The Court set a December 5, 2014 deadline for *filing* an amended complaint. (*See id.* at 3.) December 5 passed, and Plaintiff did not refile. On December 15, 2014, the Court dismissed this case without prejudice and closed the file. (*See* Doc. 24.)

On January 5, 2015, Plaintiff filed the "Letter of Motion" presently at issue. (Doc. 25.) In the Letter of Motion, Plaintiff states that he responded to the motion to dismiss by mailing another prior letter (the "Response"), which he provides as an attachment, and he claims that the Response was received in the Court's mailroom on December 5, 2014—the last day of the amended pleading deadline. (*See id.*; *see also* Doc. 25-1, pp. 2–4.) Plaintiff does not actually request any relief in the Letter of Motion, but his tenor suggests that he intended to move the Court to vacate its December 15 dismissal Order and reopen the case. (*See* Doc. 25.) The Court accordingly construes Plaintiff's Letter of Motion as a motion brought under Rule 60(b)(1), which permits courts to vacate final orders that were entered due to "mistake, inadvertence, surprise, or excusable neglect."

Plaintiff's Letter of Motion is due to be denied. Assuming for argument's sake that

2

Plaintiff mailed the Response to the undersigned and it arrived at the courthouse on December 5, 2014, the Response would still have been noncompliant with the Local Rules, the Federal Rules of Civil Procedure, and at least two Court orders—the *Pro Se* Order and the dismissal Order (Docs. 16, 24). The Response is in letter form and was sent to the undersigned, which are direct violations of Local Rule 3.01(f); if the Response was intended to be an amended pleading, its allegations are not set out in numbered paragraphs, they do not state a claim or grounds for the court's jurisdiction, and they do not demand relief, all in violation of Rules 8 and 10; and if the Response was not intended to be an amended pleading, then Plaintiff never met the Court-Ordered December 5 amendment deadline (*see* Doc. 23, p. 3). Plaintiff was informed of the importance of following applicable rules and orders at least three times—once with the Southern District's dismissal, once in the Court's *Pro Se* Order, and once in the Court's November 14, 2014 Order—and yet his Letter of Motion provides no excuse for his consistent failure to do so. (*See* Doc. 25.) The Court therefore finds that Plaintiff has not demonstrated "mistake, inadvertence, surprise, or excusable neglect" sufficient to reopen this action. *See* Fed. R. Civ. P. 60(b)(1).

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Letter of Motion (Doc. 25) is **DENIED**.  Plaintiff's case remains dismissed without prejudice.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 21, 2015.

ROY B. DALTON JR.
United States District Judge

3

Copies:

Counsel of Record

*Pro se* Party